# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RAY A. DETERS,** *pro se*,

    **Plaintiff,**

v.                                                   Case No. 8:09-cv-1388-T-30MAP

**ROGER A. ALCOTT, STEVEN ALAMIA**
**and CHRISTOPHER BOLDT,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Assistant State Attorney Steven Alamia's ("Alamia") Motion to Dismiss (Dkt. 9) and Plaintiff's Responses to same (Dkts. 10 and 11). The Court having considered the motion, responses, and being otherwise advised in the premises, concludes that Alamia's Motion to Dismiss (Dkt. 9) is granted.

## **BACKGROUND**[1]

Plaintiff Ray A. Deters ("Plaintiff") filed a complaint in this Court on July 23, 2009, alleging claims pursuant to 42 U.S.C. §1983 against Defendants Judge Roger Alcott, Assistant State Attorney Steven Alamia, and Plaintiff's former attorney, Christopher Boldt (collectively "Defendants").[2] The claims relate to Plaintiff's criminal case, in which he

---

[1] The majority of the background facts are obtained from the attachments to Plaintiff's complaint.

[2] It appears from a review of the docket in this case that Plaintiff has not served Roger A. Alcott or Christopher Boldt. However, as set forth herein, the Court finds that this case must be dismissed as premature as to all Defendants.

pleaded Nolo Contendre to a DUI offense and was committed to the custody of the Florida Department of Corrections for a term of 20 months, which was followed by a period of 24 months conditional release. Plaintiff did not appeal the judgment and sentence. However, after the entry of the judgment, on July 18, 2008, Plaintiff filed a motion for post-conviction relief. On October 30, 2008, the trial court denied Plaintiff's motion for post-conviction relief. On November 11, 2008, Plaintiff filed a notice of appeal with the Florida Second District Court of Appeal. The appeal is based on the trial court's denial of Plaintiff's motion for post-conviction relief. As of the date of this Order, the appeal is still pending.

Plaintiff brings this action against Defendants under 42 U.S.C. §1983 for violations of certain protections guaranteed to him by the 14th Amendment related to his DUI conviction.[3] Plaintiff's complaint requests that this Court expunge Plaintiff's DUI from his record, provide fair restitution for the 20 months of prison and two years of conditional release, and award Plaintiff his attorneys' fees "for the appeals from the beginning to the end." (Dkt. 1).

On October 26, 2009, Defendant Alamia filed his Motion to Dismiss, arguing, in part, that Plaintiff's claims are premature and barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[3] Plaintiff's complaint is confusing and unclear. It appears that he believes he was denied due process of law when he was committed to the custody of the Florida Department of Corrections for a term of 20 months, followed by 24 months of probation.

corpus. On October 28, 2009 and October 30, 2009, Plaintiff filed his responses to the Motion to Dismiss. (Dkts. 10 and 11). Although not a model of clarity, Plaintiff's responses fail to address Defendant's argument under Heck. Rather, Plaintiff's responses focus on the illegality of his conviction for DUI.

For the reasons set forth herein, the Court concludes that Plaintiff's claims against all Defendants are premature under Heck, because his appeal to the Florida Second District Court of Appeal is still pending.

## DISCUSSION

I. **Motion to Dismiss Standard**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. Alamia's Motion to Dismiss Based on Heck v. Humphrey

Alamia argues, in part, that Plaintiff's claims must be dismissed because Plaintiff has not overcome his conviction in the criminal case. Specifically, to the extent Plaintiff's claims impugn the constitutionality of his DUI conviction, they run afoul of Heck v. Humphrey. 512 U.S. 477 (1994). In that case, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87. The purpose of this "favorable termination" requirement is to "limit the opportunities for collateral attack on state court convictions because such collateral attacks

cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II.  Alamia's Motion to Dismiss Based on Heck v. Humphrey

Alamia argues, in part, that Plaintiff's claims must be dismissed because Plaintiff has not overcome his conviction in the criminal case. Specifically, to the extent Plaintiff's claims impugn the constitutionality of his DUI conviction, they run afoul of Heck v. Humphrey. 512 U.S. 477 (1994). In that case, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87. The purpose of this "favorable termination" requirement is to "limit the opportunities for collateral attack on state court convictions because such collateral attacks

cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II.  Alamia's Motion to Dismiss Based on Heck v. Humphrey

Alamia argues, in part, that Plaintiff's claims must be dismissed because Plaintiff has not overcome his conviction in the criminal case. Specifically, to the extent Plaintiff's claims impugn the constitutionality of his DUI conviction, they run afoul of Heck v. Humphrey. 512 U.S. 477 (1994). In that case, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87. The purpose of this "favorable termination" requirement is to "limit the opportunities for collateral attack on state court convictions because such collateral attacks

undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). In sum, when a state prisoner seeks damages under section 1983, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487.

It appears on the face of Plaintiff's complaint that his claims are Heck-barred and that a judgment in favor of Plaintiff in this case would imply the invalidity of his conviction. Indeed, Plaintiff's "Prayer for Relief" requests that this Court remove the DUI from Plaintiff's driving record and provide Plaintiff with restitution for the time he served in prison and on conditional release. Although Plaintiff fails to point this out in his responses to Alamia's Motion to Dismiss, the Court is mindful of the potential argument that because Plaintiff is no longer incarcerated and thus a habeas corpus action is no longer available to him, his claims should not be Heck-barred. In Heck, the Court stated, "[w]e think the principle barring collateral attacks [on criminal convictions]-a longstanding and deeply rooted feature of both the common law and our own jurisprudence-is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." Heck, 512 U.S. at 490 n. 10. However, in a later decision, Spencer v. Kemna, "a combination of five concurring and dissenting Justices agreed in dicta that 'a former prisoner, no longer in custody, may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would

be impossible as a matter of law for him to satisfy.'" Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 21 (1998)).

Eleventh Circuit precedent is not entirely clear on this issue. See Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1315 n. 9 (11th Cir. 2005) (noting that the Eleventh Circuit "has not yet weighed in" on the issue of "whether Heck bars § 1983 suits by plaintiffs who are not in custody and thus for whom habeas relief is not available"); Vickers v. Donahue, 137 Fed. Appx. 285, 289 (11th Cir. 2005) (noting "we have not explicitly ruled on whether a plaintiff who has no federal habeas remedy available to him may proceed under § 1983 despite the fact that success on the merits would undermine the validity of, in this case, an order of revocation and the resulting nine month sentence"); see also Domotor v. Wennet, 630 F. Supp. 2d 1368, 1378 (S.D. Fla. 2009) (discussing Eleventh Circuit precedent on this issue).

Here, however, the Court need not inquire as to whether Plaintiff has been deprived of a means of challenging his conviction and weigh whether there should be an exception to the Heck bar because Plaintiff did seek post-conviction relief at the state level. Indeed, Plaintiff's appeal is still pending before the Florida Second District Court of Appeal. The Eleventh Circuit's unpublished decision in Vickers provides some guidance here. 137 Fed. Appx. 285. There, the court held that "the Heck bar appli[ed] to [the plaintiff's] claim despite the unavailability of habeas relief." Id. at 290. One of the court's main considerations in reaching this result was that the plaintiff was not without a remedy to seek relief from his sentence of imprisonment, as he could have appealed the order imposing that

sentence.  Likewise, even though a habeas corpus action is currently unavailable to Plaintiff here, he was not without an avenue to seek relief from his conviction.  In fact, it appears that Plaintiff is still actively seeking relief from his conviction.  Thus, Plaintiff's claims must be dismissed under Heck, without prejudice to be refiled if and when Plaintiff can establish that his DUI conviction has been invalidated.[4]

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Assistant State Attorney Steven Alamia's Motion to Dismiss (Dkt. 9) is hereby GRANTED.

2. Plaintiff's claims against all Defendants are dismissed without prejudice.

3. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1388.mtdismiss.frm

---

[4] Even assuming, *arguendo*, that Plaintiff's claims against Alamia are not Heck-barred, dismissal as to Alamia would still be warranted under the doctrine of absolute immunity.  See Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted) (noting that a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government, which includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("We hold ... that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").